**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| CHRISTELLA LOVATO, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 4:16-CV-84-JTM-PRC |
| ) | |
| WAL-MART STORES, INC., ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Defendant's Motion for Protective Order Regarding Plaintiff's Rule 30(B)(6) Deposition Notice [DE 21], filed on May 5, 2017, by Defendant Wal-Mart Stores, Inc. ("Walmart"). Plaintiff Christella Lovato filed a response on May 9, 2017. Walmart filed a reply on May 17, 2017, the day after the deadline to do so expired.

As an initial matter, the Court notes that Lovato's response purports to also bring a motion for sanctions. Northern District of Indiana Local Rule 7-1(a) requires motions to be filed separately. Accordingly, the motion for sanctions is not properly before the Court, and the Court does not consider it.

In the Motion for Protective Order, Walmart asks the Court to issue a protective order that (1) stays the deposition of its Rule 30(b)(6) witnesses until a date mutually agreeable to the parties, (2) requires all such depositions to take place in Bentonville, Arkansas, and (3) limits the scope of the topics identified for the deposition. Lovato objects to Walmart's request.

### ANALYSIS

### A. Local Rule 37-1

Local Rule 37-1 requires a party filing any discovery motion to file a separate certification that the

party has conferred in good faith or attempted to confer with the other affected parties in an effort to resolve the matter raised in the motion without the Court's involvement. N.D. Ind. L.R. 37-1(a).

Walmart's certification satisfies the requirement as to the date of the deposition. As to the location and topics of the deposition, however the certification and the evidence to which it cites are insufficient. The email correspondence between the parties does not reveal satisfactory conferral regarding the location of the deposition or objections to the topics identified in the Amended Notice of Deposition. Further, Walmart's certification indicates that Walmart sent its objections to the Amended Notice of Deposition to Lovato on May 2, 2017. In sending those objections, Walmart asked Lovato to let Walmart know when Lovato would be available to discuss the objections. Walmart did not specify by what time and date Walmart wanted to hear from Lovato. Walmart's certification states that Plaintiff's counsel had not responded to Walmart's objections before the filing of the Motion for Protective Order on May 5, 2017. Nothing before the Court suggests that Walmart followed up with Lovato to see if she intended to participate in discussion of the issues.

Given that the email correspondence only discussed the date of the deposition and that Walmart waited only three days before filing the Motion for Protective Order, the Court finds that Walmart has neither conferred in good faith nor sufficiently attempted to confer with Lovato regarding the location and topics of the deposition.

The objections to the topics of the deposition appear to be matters that would benefit from the required conferral. Pursuant to Local Rule 37-1(b), the Court denies the Motion for Protective Order as to the topics of the deposition.

As to the location of the deposition, however, it appears from the briefing of the instant motion that

the parties are at an impasse that will not be resolved through additional discussion. Further, resolution of this narrow issue will aid the parties in selecting a new deposition date, as it will inform the parties and witnesses as to where they will need to be on the deposition date. The local rule does not mandate denial of every motion that fails to make the required certification. *See* N.D. Ind. L.R. 37-1(b) ("The court *may* deny any motion . . . if the required certification is not filed." (emphasis added)). Therefore, the Court exercises its discretion to rule on the motion as to the deposition's location on the merits.

## B. Date and Location of Deposition

Walmart first asks that the deposition be stayed until a date mutually agreeable to the parties. Walmart argues that Lovato unilaterally set the deposition date. Lovato, in her response, indicates that she had made four attempts over nearly two months to obtain deposition dates from Walmart (albeit for the depositions of witnesses Westenfeld, Preston, and Jenkins) and that Walmart had provided no such dates. Further, Lovato states that when she noticed Walmart for the deposition she asked Walmart to notify her within 14 days if the date selected was acceptable. Walmart did not object to the chosen date until 16 days later.

Northern District of Indiana Local Rule 30-1 requires attorneys to "try in good faith to schedule depositions to avoid calendar conflicts." N.D. Ind. L.R. 30-1(a). Both parties could have been more accommodating in scheduling this deposition. Lovato could have been willing to reschedule the deposition when Walmart's objection to the selected date was two days late (but still 11 days before the scheduled deposition) or could have sent an email specifically asking for deposition dates for the Rule 30(b)(6) witnesses before issuing a notice of deposition. Walmart could have proposed deposition dates when asked to do so and could have indicated that Lovato's selected date was unacceptable within the time requested.

Between the delay in providing proposed deposition dates, responding to the notice of deposition, and in replying to the instant motion, Walmart is exhibiting a pattern of delay.

Due to the filing of the instant motion, however, the May 9, 2017 deposition date has passed. There is no reason why the parties should be unable to reschedule the deposition for a mutually convenient time. The request to stay the deposition until a mutually agreeable date is granted. Because of the difficulty Lovato has experienced in receiving proposed deposition dates from Walmart, the Court orders Walmart, on or before June 1, to provide proposed deposition dates to Lovato.

Next, Walmart argues that the deposition should take place in Bentonville, Arkansas, instead of Lafayette, Indiana. Walmart asserts that "[a]s a general rule, the deposition of a corporation by its agents and officers should be taken at its principal place of business." *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982). One reason for this rule to avoid mandating the transportation of business records. *Id.* "When a corporation objects to a deposition being taken at a place other than its principal place of business, 'the objection should be sustained unless there are unusual circumstances which justify such an inconvenience to the corporation.'" *Chris-Craft Indus. Prods., Inc. v. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999) (quoting *Sears v. Am. Entm't Grp., Inc.*, No. 94 C 165, 1995 WL 66411, at *1 (N.D. Ill. Feb. 13, 1995)). Lovato counters that "[c]orporate defendants are frequently deposed in places other than the location of their principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy." *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 338 (N.D. Ind. 2000). In *Custom Form Manufacturing*, however, the principal place of business was in Japan.

Though Lovato would prefer a deposition in Lafayette, Indiana, the general rule is that it should take

place in Bentonville, Arkansas. Unlike in *Custom Form Manufacturing*, the corporate defendant's principal place of business is not in a foreign country. Though Lovato argues that the events leading to this litigation happened in Indiana, Walmart maintains that its corporate books and records are in Arkansas. Lovato also suggests that Walmart could choose one of its employees more local to Lafayette to serve as its Rule 30(b)(6) designee. Walmart responds that witness preparation must occur in Arkansas regardless. Lovato has not shown Lafayette to be a better location for the deposition or the existence of any unusual circumstances which justify deviating from the general rule. Therefore, the Court grants the request for a protective order as to the location of the deposition of Walmart's Rule 30(b)(6) witnesses.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES without prejudice in part** the Defendant's Motion for Protective Order Regarding Plaintiff's Rule 30(B)(6) Deposition Notice [DE 21]. The Court **ORDERS** that Walmart's witnesses designated under Federal Rule of Civil Procedure 30(b)(6) shall be deposed in Bentonville, Arkansas, at a date mutually agreeable to the parties. The Court **ORDERS** Walmart, on or before **June 1, 2017**, to provide proposed deposition dates for the Rule 30(b)(6) depositions to Lovato.

So ORDERED this 25th day of May, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT