# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| CHRISTELLA LOVATO, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:16-CV-84-JTM-PRC |
| ) | |
| WAL-MART STORES INC. ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Compel [DE 40] filed by Defendant[1] on June 29, 2018. Plaintiff Christella Lovato filed a response on June 13, 2018, and Defendant filed a reply on July 20, 2018.

In the Motion, Defendant asks the Court to compel Plaintiff to provide multiple possible dates for Plaintiff's deposition to be taken in the Northern District of Indiana and to award Defendant its costs incurred in bringing this Motion. Defendant had originally drafted the Motion and accompanying Brief to include a request for authorization forms for release of medical information, but Defendant represents that it received those releases—which were signed a few weeks earlier—while Defendant was preparing to file the instant Motion and Brief.

Plaintiff, in response, objects to the location of the deposition but not to the taking of the deposition in general. Plaintiff also asserts that Defendant did not meet the conferral requirements of Federal Rule of Civil Procedure 37. For the following reasons, the Motion will be granted in part, denied in part, and set for further briefing on the issue of an award of costs.

---

[1] Defendant is sued as Wal-Mart Stores Inc. but states that its proper name is Walmart Stores East, L.P.

## ANALYSIS

Rule 37 requires that a motion for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

In the Rule 37 certification submitted with the instant Motion, Defendant's counsel certifies that her firm provided proposed deposition dates to Plaintiff's counsel on May 4, 14, 16, and 17, which Plaintiff's counsel either failed to respond to or declined the dates without providing alternative dates. Further, Defendant's counsel certifies that her firm requested alternative deposition dates from Plaintiff's counsel on May 2, 18, 24, and 29 and that no response was given. Finally, Defendant's counsel certifies that she contacted Plaintiff's counsel by telephone and e-mail on June 27, 2018, and that Plaintiff's counsel refused to discuss the issues telephonically and did not agree to produce Plaintiff for her deposition or provide any dates for the deposition, though Plaintiff did suggest a conversation be held the next week.

This certification, and the e-mail messages submitted with the Motion, show a pattern of Defendant's counsel's attempts to resolve this dispute without the Court's involvement. Plaintiff argues that Defendant should have been required to attempt one more conferral, specifically a telephone call on July 2, 2018. In light of Defendant's numerous attempts over the previous weeks to set a deposition date, the Court finds no reason to deny the Motion based on this certification.

As for the location of Plaintiff's deposition, this is a matter left to the Court's discretion. *New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 462 (N.D. Ill. 2007). However, the general rule

is that a plaintiff must attend a deposition in the district where the case was filed. *Undraitis v. Luka*, 142 F.R.D. 675, 676 (N.D. Ind. 1992). The reason for the rule is that "the plaintiff has chosen the forum voluntarily and should expect to appear for any legal proceedings" unlike the defendant, who "is an involuntary participant" and, as a general rule, "may insist upon being deposed in the district where he resides." *Id.*

Plaintiff argues that, if Defendant had proceeded with Plaintiff's previously scheduled deposition on May 1, 2018, then there would have been no problem with a deposition in this district. However, Plaintiff has since that time graduated from her degree program and moved to New Mexico. Plaintiff states that Defendant was informed during a telephone conversation of Plaintiff's plans to move out of state, but Defendant disputes that it was so informed and represents that it searched its phone records and has no record of any such telephone conversation taking place. Plaintiff offers that she could be deposed by video conference technology, which is permitted by Federal Rule of Civil Procedure 30(b)(4).

Defendant seeks to attribute the postponement of the May 1 deposition date to Plaintiff. Specifically, Defendant asserts that it postponed the May 1, 2018 deposition due to Plaintiff's failure to provide medical information release forms because Defendant wished to review Plaintiff's medical records before deposing Plaintiff.

On the other side of this dispute, Plaintiff attempts to classify the failure to schedule depositions as a mutual matter by asserting that Defendant has a long and "well documented" history of refusing to schedule the deposition of Deb Jenkins. However, Plaintiff provides no documentation or other evidence on this point, and Defendant's Exhibit A shows that in multiple e-mail messages Defendant sought to schedule the Jenkins deposition. (*See, e.g.*, Mot. Ex. A, 2, 6, 28, ECF No. 41-1).

Further, the Jenkins deposition is not the subject of the instant Motion.

As for the taking of Plaintiff's deposition by remote means, Rule 30 states that depositions may occur by remote means either by stipulation of the parties or by Court order. Though Plaintiff submits that a deposition by remote means is a viable option, Defendant objects on the ground that the deposition will likely involve the examination of many documents, which is a cumbersome process when a deposition is taken remotely. However, the distance between New Mexico and Indiana is substantial, and the Federal Rules provide for the taking of depositions remotely. *See* Fed. R. Civ. P. 30(b)(4). As for Defendant's objection, exact copies of documents can be made and sent in either physical or electronic form.

Plaintiff chose to bring suit in the Northern District of Indiana, and her delay in providing medical information release authorizations at a minimum contributed to (and perhaps was the sole cause of) the postponement of her deposition until after her move to New Mexico. Defendant has submitted evidence that convincingly shows that it tried—even without knowledge of Plaintiff's impending move out-of-state—to obtain Plaintiff's relevant medical information and depose her in a relatively prompt manner. Plaintiff has submitted no evidence to rebut Defendant's evidence. There is no cause to go against the general rule and order Plaintiff's deposition to be taken in person in New Mexico, but taking Plaintiff's deposition by remote means is a viable option, for which there is good cause.

Defendant's request for an award of costs will be set for further briefing.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part and DENIES in part** Defendant's Motion to Compel and **ORDERS** that Plaintiff's deposition shall take place, at

Plaintiff's choice, either in New Mexico by remote means or in the Northern District of Indiana. If the deposition is taken by remote means in New Mexico, Plaintiff shall bear the additional costs incurred by nature of the deposition not being taken in person, including the cost of providing exact copies of any documents examined at the deposition.

The Court **ORDERS** Plaintiff, **on or before August 6, 2018**, to provide at least 4 dates in September 2018 on which Plaintiff and her counsel are available for her deposition and to specify whether each date is proposed for an in-person deposition or a deposition by remote means. The Court **EXTENDS** the Fact Discovery Deadline to **October 5, 2018**.

If the deposition is taken by remote means, the Court will entertain, upon a showing of good cause, a motion for an extension of the permitted length of Plaintiff's deposition based on delays caused by any inefficiencies that result from taking the deposition remotely.

Defendant has asked for an award of its costs incurred in bringing this Motion. Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), such an award can be made. Any party wishing to pursue such an award in light of this Opinion and Order shall submit a brief in support on or before **August 9, 2018**. Response and reply deadlines shall follow those set forth in Northern District of Indiana Local Rule 7-1(d)(2).

So ORDERED this 26th day of July, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT