# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| CHRISTELLA LOVATO, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:16-CV-84-JTM-PRC |
| | ) | |
| WAL-MART STORES, INC., | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Brief in Support of Petition for Award of Expenses Pursuant to Rule 37(a)(5)(C) [DE 45], filed by Defendant Walmart Stores East, L.P. (sued as Wal-Mart Stores, Inc.) ("Walmart") on August 9, 2018. Plaintiff Christella Lovato filed an objection on August 23, 2018, and Walmart filed a reply on August 30, 2018.

This matter originates in a Motion to Compel Discovery that Walmart filed on June 29, 2018. On July 26, 2018, the Court issued an Opinion and Order granting in part and denying in part the motion and setting deadlines for briefing on the issue of awarding reasonable expenses. In the instant Brief, Walmart requests attorney fees in the amount of $11,059.00 for reasonable expenses related to the Motion to Compel.

Rule 37 provides, in part, that "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). In deciding whether to apportion fees, courts consider the relative degree of success of the party seeking fees and the degree to which the objecting party's position was justified. *McGrath v. Everest National Ins. Co.*, 2:07 cv 34, 2008 WL 4261075, at *1 (N.D. Ind. Sept. 11, 2008). The Court has "wide latitude" in determining awards of fees under Rule 37. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Walmart, in the Motion to Compel, requested a Court Order directing Lovato to provide multiple possible dates for Lovato's deposition to be taken in the Northern District of Indiana. The motion also requested medical information release forms, but Walmart indicated that the forms were provided shortly before the motion was filed, so that issue is not germane to the instant analysis. Lovato, in response to the motion, indicated that she had moved to New Mexico and requested that her deposition take place in that state or by video conference technology. The Court ordered Lovato to provide multiple possible dates for Lovato's deposition, but also ordered that the deposition could take place, at Lovato's choice, either in the Northern District of Indiana in person or in New Mexico by remote means, with Lovato to bear any additional costs imposed by the remote nature of the deposition.

Walmart contends that the Motion to Compel was granted "almost entirely" in its favor. The Court's Order does not bear that out. A key component of Walmart's request was that Lovato's deposition take place in the Northern District of Indiana. Lovato strongly opposed that location and asked, among other alternatives, that the deposition be taken by remote means. Lovato obtained a ruling in her favor on that point. Lovato was justified in refusing to travel from New Mexico to Indiana for her deposition. Therefore, the Court declines to apportion the reasonable expenses of the parties in litigating this discovery dispute. Each party shall bear its own costs.

Accordingly, the Court **DENIES** the relief requested in Defendant's Brief in Support of Petition for Award of Expenses Pursuant to Rule 37(a)(5)(C) [DE 45].

SO ORDERED this 4th day of September, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT